1  LAW OFFICES OF DALE K. GALIPO
2  Dale K. Galipo, Esq. (SBN 144074)
   dalekgalipo@yahoo.com
3  21800 Burbank Blvd., Suite 310
   Woodland Hills, CA  91367
4  Tel:   (818) 347-3333
   Fax:   (818) 347-4118
5
6  MORALES & LEAÑOS
   Jaime A. Leaños, Esq. (SBN 159471)
7  jleanoslaw.@pacbell.net
   75 East Santa Clara Street, Suite 250
8  San Jose, CA 95113
   Tel:   (408) 294-6800
9  Fax:   (408) 294-7102

10 *Attorneys for Plaintiff, JOHN BOWLES*

11

12         **UNITED STATES DISTRICT COURT FOR THE**
           **NORTHERN DISTRICT OF CALIFORNIA**
13

14 JOHN BOWLES, individually,          | Case No.  5:19-cv-01027

15              Plaintiff,             | **COMPLAINT FOR DAMAGES AND**
                                       | **DEMAND FOR JURY TRIAL**
16         vs.

17 CITY OF SAN JOSE; TODD AH           | 1. Fourth Amendment—Excessive
   YO; WILLIAM WOLFE; ERICK            |    Force (42 U.S.C. § 1983)
18 ENDERLE; and DOES 1-10,             | 2. Fourth Amendment—Denial of
   inclusive,                         |    Medical Care (42 U.S.C. § 1983)
19                                     | 3. Municipal Liability—
              Defendants.             |    Unconstitutional Custom, Practice,
20                                     |    or Policy (42 U.S.C. § 1983)
21                                     | 4. Municipal Liability—Ratification
                                       |    (42 U.S.C. § 1983)
22                                     | 5. Municipal Liability—Failure to
23                                     |    Train (42 U.S.C. § 1983)
24
25
26
27
28

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff JOHN BOWLES, for his Complaint against Defendants CITY OF SAN JOSE, TODD AH YO, WILLIAM WOLFE, ERICK ENDERLE, and DOES 1-10, inclusive, and hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in the City of San Jose, County of Santa Clara, State of California.

## INTRODUCTION

3. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the officer-involved shooting of Plaintiff John Bowles on March 17, 2017.

## PARTIES AND JURISDICTION

4. At all relevant times, Plaintiff JOHN BOWLES ("BOWLES") is and was an individual residing in the County of Santa Clara, California.

5. At all relevant times, Defendant CITY OF SAN JOSE ("CITY") is and was a duly organized public entity existing under the laws of the State of California. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of San Jose Police Department ("SJPD") and its agents and employees.

6.     At all relevant times, Defendant TODD AH YO ("AH YO") was employed by Defendant CITY.  Also at all relevant times, Defendant AH YO was acting under color of law and within the course and scope of his employment as a police officer for the SJPD.  Also at all relevant times, Defendant AH YO was acting with the complete authority and ratification of his principal, Defendant CITY.

7.     At all relevant times, Defendant WILLIAM WOLFE ("WOLFE") was employed by Defendant CITY.  Also at all relevant times, Defendant WOLFE was acting under color of law and within the course and scope of his employment as an officer for the SJPD.  Also at all relevant times, Defendant WOLFE was acting with the complete authority and ratification of his principal, Defendant CITY.

8.     At all relevant times, Defendant ERICK ENDERLE ("ENDERLE") was employed by Defendant CITY.  Also at all relevant times, ENDERLE was acting under color of law and within the course and scope of his employment as an officer for the SJPD.  Also at all relevant times, Defendant ENDERLE was acting with the complete authority and ratification of his principal, Defendant CITY.

9.     At all relevant times, DOES 1-5 ("DOE OFFICERS"), who are police officers working for the SJPD, were employed by the CITY.  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their employment with the SJPD and were also acting with the complete authority and ratification of their principal, Defendant CITY.

10.     At all relevant times, DOES 6-10 ("SUPERVISORY DOES"), who are supervisory, managerial, and policymaking employees working for the SJPD, were employed by the CITY.  At all relevant times, SUPERVISORY DOES were acting under color of law within the course and scope of their duties for the SJPD and were also acting with the complete authority and ratification of their principal, Defendant CITY.  On information and belief, SUPERVISORY DOES had supervisorial authority over Defendants AH YO, WOLFE, ENDERLE, and DOE OFFICERS.  At all relevant times, SUPERVISORY DOES were acting under color of law within the course and

scope of their duties as supervisory, managerial, and policymaking employees working for the SJPD and the CITY, and were acting with the complete authority and ratification of their principal, Defendant CITY.

11.    Defendants AH YO, WOLFE, ENDERLE, and DOES 1-10 are sued in their individual capacities.

12.    On information and belief, AH YO, WOLFE, ENDERLE, and DOES 1-10 are and were at all relevant times residents of the County of Santa Clara, California.

13.    In doing the acts and failing and omitting to act as hereinafter described, AH YO, WOLFE, ENDERLE, and DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

14.    The true names and capacities of DOES 1-10 are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17.    On March 17, 2017, at approximately 1:40 p.m. on that date, at or near the 5122-5180 Stevens Creek Blvd. shopping center parking lot, in the City of San Jose and the County of Santa Clara, Defendants AH YO, WOLFE, and ENDERLE fired multiple shots at Plaintiff BOWLES, thereby using excessive force against him.

18.   The shooting was excessive and unreasonable, particularly because at the time of all of the shots, BOWLES was unarmed and did not pose an immediate threat of death or serious bodily injury to any person.  Officers AH YO, WOLFE, and ENDERLE were aware that BOWLES was unarmed, as evidenced by the fact that one of the defendant officers shouted, "No gun! No gun!" prior to the first shot being fired.

19.   BOWLES was struck multiple times by the shots fired by Defendants AH YO, WOLFE, and ENDERLE, rendering him a paraplegic.  The shots fired by Defendants AH YO, WOLFE, and ENDERLE caused BOWLES to suffer serious physical injuries, paralysis, humiliation, emotional and mental distress, pain and suffering, medical expenses, reduced earning capacity, and other economic damages.

20.   On information and belief, Defendants did not timely summon medical care or timely permit medical personnel to treat BOWLES.  The delay of medical care to BOWLES was a contributing cause of BOWLES' severe injuries.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(Against AH YO, WOLFE, and ENDERLE)

21.   BOWLES repeats and re-alleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.   The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unreasonable or excessive force.  42 U.S.C. § 1983 provides a private right of action for conduct that violates this right.

23.   At all relevant times, AH YO, WOLFE, and ENDERLE acted under color of law and in the course and scope of their employment with the SJPD and the CITY as set forth above.

24.   On March 17, 2017, AH YO, WOLFE, and ENDERLE used excessive force against BOWLES, including but not limited to shooting him multiple times.

25.   Defendants' unjustified shooting of BOWLES violated BOWLES' right to be

secure in his person against unreasonable or excessive force as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.     The shooting was objectively excessive and unreasonable, especially because BOWLES was unarmed and posed no immediate threat of death or serious bodily injury to any person at the time of the shooting.  Further, Defendants' shooting and use of force violated their training, standard police officer training, and generally accepted law enforcement standards.

27.     AH YO, WOLFE, ENDERLE, and DOE OFFICERS are liable for BOWLES' injuries, either because they were integral participants in the shooting or because they failed to intervene to prevent the violations giving rise to this lawsuit.

28.     As a direct and proximate result of the aforementioned conduct, BOWLES suffered damages, including physical injuries, paralysis, emotional and mental distress, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

29.     The conduct of AH YO, WOLFE, and ENDERLE was willful, wanton, malicious, and done with reckless disregard for the rights and safety of BOWLES, therefore warranting the imposition of exemplary and punitive damages.

30.     BOWLES seeks compensatory damages, including for his physical injuries, paralysis, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses. BOWLES also seeks punitive damages, reasonable costs, and attorney's fees under 42 U.S.C. § 1988 on this claim.

///

///

///

///

///

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Denial of Medical Care (42 U.S.C. §1983)

#### (Against AH YO, WOLFE, ENDERLE, and DOE OFFICERS)

31.     Plaintiff BOWLES hereby repeats and re-alleges paragraphs 1 through 30 of this Complaint.

32.     The Fourth Amendment to the United States Constitution requires law enforcement officers to provide reasonable post-arrest care and promptly summon medical care.  42 U.S.C. § 1983 provides a private right of action for conduct that violates this right.

33.     At all relevant times, AH YO, WOLFE, and ENDERLE and DOE OFFICERS acted under color of law and in the course and scope of their employment with the SJPD and the CITY as set forth above.

34.     It was apparent to Defendants AH YO, WOLFE, ENDERLE, and DOE OFFICERS that BOWLES had been struck by shots fired by Defendants.  After the shooting, BOWLES was bleeding profusely and was in obvious need of critical medical attention.  On information and belief, Defendants AH YO, WOLFE, ENDERLE, and DOE OFFICERS did not timely summon medical care or permit medical personnel to timely treat BOWLES, and immediate medical treatment could have minimized BOWLES' injuries.

35.     The denial and/or delay of medical care violated BOWLES' right to prompt medical care as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.     AH YO, WOLFE, ENDERLE, and DOE OFFICERS knew that failure to provide timely medical treatment to BOWLES could result in further significant injury, paralysis, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing BOWLES great bodily harm and eventually paralysis.

37.     AH YO, WOLFE, ENDERLE and DOE OFFICERS are liable for BOWLES' injuries, either because they were integral participants in the denial of medical care, or

because they failed to intervene to prevent this and other violations giving rise to this lawsuit.

38.     As a direct and proximate result of the aforementioned conduct, BOWLES suffered damages, including physical injuries, paralysis, emotional and mental distress, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

39.     The conduct of AH YO, WOLFE, ENDERLE, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of BOWLES, therefore warranting the imposition of exemplary and punitive damages.

40.     BOWLES seeks compensatory damages, including for his physical injuries, paralysis, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses. BOWLES also seeks punitive damages against DOE OFFICERS, reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

## THIRD CLAIM FOR RELIEF

**Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY and SUPERVISORY DOES)

41.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42.     The acts of Defendants AH YO, WOLFE, and ENDERLE deprived BOWLES of his rights under the United States Constitution.

43.     AH YO, WOLFE, and ENDERLE acted under color of law and within the course and scope of their employment with the SJPD and the CITY as set forth above.

44.     AH YO, WOLFE, and ENDERLE acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the CITY.

45.      On information and belief, AH YO, WOLFE, and ENDERLE were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection

with the shooting of BOWLES and other conduct pertaining to this shooting incident.

46.     Defendants CITY and SUPERVISORY DOES, as policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force and including shooting at vehicles and their occupants;

(b)     Providing inadequate training regarding the use of deadly force, including inadequate training with respect to shooting at vehicles and their occupants;

(c)     Employing and retaining as police officers and other personnel, including AH YO, WOLFE, and ENDERLE, whom Defendant CITY and SUPERVISORY DOES at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written SJPD policies for using excessive force;

(d)     Inadequately supervising, training, controlling, assigning and disciplining SJPD officers including AH YO, WOLFE, and ENDERLE, whom Defendants CITY and SUPERVISORY DOES each knew, or in the exercise of reasonable care, should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by SJPD officers including AH YO, WOLFE, and ENDERLE;

(f)     Failing to adequately discipline SJPD officers, including AH YO, WOLFE, and ENDERLE for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging

misconduct;

(g)     Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)     Refusing to discipline, terminate, or retrain the officers involved in shootings, even where shootings were determined in court to be unconstitutional;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simple "code of silence," pursuant to which officers do not report other officers' errors, misconduct or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people; and

(k)     Covering up police misconduct.

47.    These customs and practices by CITY and SUPERVISORY DOES were condoned by said Defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiff BOWLES.

48.    Defendants CITY and SUPERVISORY DOES together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the different policies, practices, and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated and, through actions and inactions, ratified such policies.  Said Defendants also acted with deliberate

indifference to both the foreseeable effects and consequences of these policies and to the constitutional rights of BOWLES, and other individuals similarly situated.

49.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and SUPERVISORY DOES acted with an intentional, reckless, callous disregard for the well-being of BOWLES and his constitutional as well as human rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and SUPERVISORY DOES were affirmatively linked to and were a significantly influential force behind the shooting of BOWLES.

50.     As a direct and proximate result of the aforementioned unconstitutional policies and customs, BOWLES suffered physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

51.     Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to BOWLES for compensatory damages under 42 U.S.C. § 1983.  The conduct of Defendants SUPERVISORY DOES was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of BOWLES and therefore warrants the imposition of exemplary and punitive damages as to SUPERVISORY DOES.

52.     BOWLES brings this claim against CITY and SUPERVISORY DOES. BOWLES seeks damages, including for his physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.  BOWLES also seeks punitive damages against SUPERVISORY DOES, reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

///

///

///

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability—Ratification (42 U.S.C. § 1983)**

**(Against CITY and SUPERVISORY DOES)**

53.     BOWLES repeats and re-alleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     The acts of Defendants AH YO, WOLFE, ENDERLE and SUPERVISORY DOES deprived BOWLES of his rights under the United States Constitution.

55.     Defendants AH YO, WOLFE, and ENDERLE acted under color of law.

56.     Upon information and belief, the Defendants CITY and SUPERVISORY DOES are final policymakers, acting under color of law, who had final policymaking authority concerning the acts of Defendants AH YO, WOLFE, and ENDERLE.  Upon information and belief, the Defendants CITY and SUPERVISORY DOES knew of, specifically approved of, and ratified the acts of Defendants AH YO, WOLFE, and ENDERLE and the bases for them.

57.     Upon information and belief, Defendants CITY and SUPERVISORY DOES, as final policymakers, have determined (or will determine) that the acts of Defendants AH YO, WOLFE, and ENDERLE were "within policy."

58.     Upon information and belief, the Defendants CITY and SUPERVISORY DOES as final policymakers, acting under color of law, have a history of ratifying unreasonable uses of force, including deadly force.

59.      As a direct and proximate result of the aforementioned conduct, BOWLES experienced physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

60.     Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to BOWLES for compensatory damages under 42 U.S.C. § 1983.  The conduct of SUPERVISORY DOES was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of BOWLES, and therefore

1   warrants the imposition of exemplary and punitive damages as to SUPERVISORY

2   DOES.

3   61.     BOWLES seeks damages, including for his physical injuries, emotional and

4   mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost

5   wages, medical expenses, and other economic expenses.  BOWLES also seeks punitive

6   damages against SUPERVISORY DOES and reasonable costs and attorney's fees under

7   42 U.S.C. § 1988 on this claim.

8

9                              **FIFTH CLAIM FOR RELIEF**

10              **Municipal Liability—Failure to Train (42 U.S.C. § 1983)**

11                     **(Against CITY and SUPERVISORY DOES)**

12   62.     BOWLES repeats and re-alleges each and every allegation in paragraphs 1

13   through 61 of this Complaint with the same force and effect as if fully set forth herein.

14   63.     The acts of Defendants AH YO, WOLFE, and ENDERLE deprived BOWLES of

15   his particular rights under the United States Constitution.

16   64.     Defendants AH YO, WOLFE, and ENDERLE acted under color of law.

17   65.     On information and belief, Defendants CITY and SUPERVISORY DOES failed

18   to properly and adequately train AH YO, WOLFE, and ENDERLE, including but not

19   limited to, with regard to the use of lethal force and with respect to shooting at vehicles

20   and their occupants.

21   66.     The training policies of Defendants CITY and SUPERVISORY DOES were not

22   adequate to train its officers to handle the usual and recurring situations with which they

23   must deal, including the use of less than lethal and lethal force.

24   67.     Defendants CITY and SUPERVISORY DOES were deliberately indifferent to

25   the obvious consequences of its failure to train its officers adequately.

26   68.     The failure of Defendants CITY and SUPERVISORY DOES to provide adequate

27   training caused the deprivation of BOWLES' rights by Defendants AH YO, WOLFE,

28   and ENDERLE; that is, Defendants' failure to train is so closely related to the

deprivation of BOWLES' rights as to be the moving force that caused the ultimate injury.

69.     As a direct and proximate result of the aforementioned conduct, BOWLES suffered physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.

70.     Accordingly, Defendants CITY and SUPERVISORY DOES each are liable to BOWLES for compensatory damages under 42 U.S.C. § 1983.  The conduct of SUPERVISORY DOES was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of BOWLES, and therefore warrants the imposition of exemplary and punitive damages as to SUPERVISORY DOES.

71.     BOWLES seeks damages, including for his physical injuries, emotional and mental distress, pain and suffering, humiliation, anguish, reduced earning capacity, lost wages, medical expenses, and other economic expenses.  BOWLES also seeks punitive damages as to SUPERVISORY DOES and reasonable costs and attorney's fees under 42 U.S.C. § 1988 on this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John Bowles requests entry of judgment in his favor and against Defendants City of San Jose, Todd Ah Yo, William Wolfe, Erick Enderle, and Does 1-10, inclusive, as follows:

A.   For compensatory damages, which include pain and suffering, and loss of enjoyment of life according to proof at trial;

B.   For punitive damages against the individual defendants in an amount to be proven at trial;

C.   For statutory damages;

D.   For interest;

E.   For reasonable attorneys' fees, including litigation expenses;

F.   For costs of suit; and

G.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED: February 25, 2019                    LAW OFFICES OF DALE K. GALIPO

                                                                    s/ Dale K. Galipo
                                                          _____
                                                          Dale K. Galipo
                                                          Attorneys for Plaintiff

DATED: February 25, 2019                    MORALES & LEANOS

                                                                    s/ Jaime A. Leanos
                                                          _____
                                                          Jaime A. Leanos
                                                          Attorneys for Plaintiff

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues.

DATED: February 25, 2019                        LAW OFFICES OF DALE K. GALIPO

_____s/ Dale K. Galipo_____

Dale K. Galipo
Attorneys for Plaintiff

DATED: February 25, 2019                        MORALES & LEANOS

_____s/ Jaime A. Leanos_____

Jaime A. Leanos
Attorneys for Plaintiff